**Opinion filed December 4, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00325-CV

_____

## TAYLOR MARCUS LEE BURLESON, Appellant

## V.

## ARIEL JOY BURLESON, Appellee

**On Appeal from the 1st Multicounty Court at Law**
**Mitchell County, Texas**
**Trial Court Cause No. CCL-18,567**

### M E M O R A N D U M   O P I N I O N

In a pending case, Appellant, Taylor Marcus Lee Burleson, filed a pro se notice of appeal from the trial court's order denying his motion for a transcript of a prior hearing for "personal review, recordkeeping[,] and potential future filings" provided at no cost.  We dismiss the appeal.

When this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that the trial court had entered an appealable order because the order did not appear to be a final judgment, an appealable interlocutory order, or an order requiring pro se Appellant to pay costs as contemplated by Rule 145 of the Texas Rules of Civil Procedure.  *See* TEX. R.

CIV. P. 145. We requested Appellant to respond and show grounds to continue this appeal, and we notified the parties that the appeal was subject to dismissal. Appellant responded but has not shown grounds to continue this appeal.

In his response, Appellant asserts, among other contentions, that the trial court's order is appealable because the "order directly conflicts with [the] mandatory provision" in Rule 145 of the Texas Rules of Civil Procedure, as he has filed a Statement of Inability to Afford Payment of Court Costs. *See id.* (relating to the payment of costs for fees charged by the trial court or an officer of the court). Rule 145 provides that, when a party files a Statement of Inability to Afford Payment of Court Costs, the party must not be ordered to pay costs unless certain procedural requirements are met. TEX. R. CIV. P. 145(f). However, for purposes of this rule, "[c]osts" are defined as "any fee charged by the court or an officer of the court, including, but not limited to, filing fees, fees for issuance and service of process, fees for copies, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record." TEX. R. CIV. P. 145(a).

According to the trial court's order, Appellant requested the transcript of the prior hearing "at no cost for [his] personal review, recordkeeping[,] and potential future filings." Appellant confirms in his response that the transcript was sought for reviewing testimony, "preparing responsive filings, evaluating witness credibility, addressing testimony involving criminal activity raised during the hearing, and preserving potential error." The transcript Appellant seeks to obtain free of charge relates to a prior hearing[1] and thus would not be prepared as the "appellate record" by the court reporter at this time. *Id.* As a result, the fee charged for the court reporter for preparation of this transcript does not constitute a cost as contemplated by Rule 145(a), and the trial court's order denying his motion for a free transcript

---

[1]We note that the trial court's order references a protective order hearing, but Appellant describes the case below as a divorce proceeding. The distinction does not alter our disposition.

while the case is pending is not an appealable order under Rule 145. *See id.*; *Read v. TDCJ Policy*, No. 02-19-00462-CV, 2020 WL 1646749, at *1–2 (Tex. App.—Fort Worth Apr. 2, 2020, no pet.) (mem. op.).

Appellant also contends that the trial court's order constitutes a final judgment under *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), because it is "a **final** determination of Appellant's entitlement to the record on the issue" notwithstanding the fact that the case remains pending. Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann*, 39 S.W.3d at 195; *see also, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2024) (interlocutory orders authorized by statute). In this regard, an order or judgment becomes final when it (1) disposes of all parties and claims before the trial court or (2) "includes unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann*, 39 S.W.3d at 200). The trial court's order denying Appellant's motion does neither. Because the trial court's order is not a final judgment and is not independently appealable, we are without jurisdiction to consider it.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Read*, 2020 WL 1646749, at *2.


JOHN M. BAILEY
CHIEF JUSTICE

December 4, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.